IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**JESSE MATTHEWS,**

      **Plaintiff,**

v.                                                      **Case No. 2:20-02216-MSN-cgc**

**WHITNEY ACHIEVEMENT**
**ELEMENTARY, et al.,**

      **Defendants.**

---

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is Defendants Whitney Achievement Elementary ("WAE"), Tiffany Patterson ("Patterson"), and Knakesha Hunter's ("Hunter") (collectively "Defendants") Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

**I.      Introduction**

This case arises from Plaintiff Jesse Matthews' employment termination from WAE, which Plaintiff alleges occurred after he was assaulted by a student at on February 15, 2019. (Compl. at PageID 5, filed at Docket Entry ("D.E.") #1). Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")[1], which resulted in the EEOC issuing and

---

[1] Plaintiff's EEOC Charge of Discrimination is not part of the record. It appears that he attempted to file it separately, *see* D.E. #8; however, the document is not contained in this filing either.

mailing a Dismissal and Notice of Rights (the "Right-to-Sue Letter") on October 31, 2019. (D.E. #1-1).   The Right-to-Sue Letter advised as follows: **"Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice, or your right to sue based on this charge will be lost."** (D.E. #1-1 at PageID 8) (emphasis in original).

On March 25, 2020, Plaintiff filed a *pro se* Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq*.  He alleges that he suffered discrimination and retaliation on the basis of gender/sex and religion. (Compl. ¶¶ 6, 9).  He further alleges that he received the Right-to-Sue Letter on October 31, 2019. (Compl. ¶ 14).  Plaintiff has attached various documents as exhibits to his Complaint.  One document is a letter to the Clerk of Court dated March 25, 2020 explaining that his Complaint was filed beyond the time limitation set forth in the Right-to-Sue Letter because he attempted to find a new attorney and did not know that he could file a complaint on his own. (D.E. #1-2).

On July 20, 2020, Defendants filed the instant Motion to Dismiss asserting that Plaintiff's Title VII claims must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because his Complaint was filed outside Title VII's ninety-day filing requirement.  On July 29, 2020, Plaintiff filed his *pro se* Response (D.E. #12), in which he argues that Defendants' Motion to Dismiss should be denied because they failed to file a timely responsive pleading to his Complaint pursuant to Rule 12(a) of the Federal Rules of Civil Procedure.

## II.     Proposed Analysis

### a. *Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P.8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

3

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed.Appx. 836, 837 (6th Cir. 2003).

### b. *Timeliness of Plaintiff's Complaint*

Defendants assert that Plaintiff did not timely file his Complaint in this Court. "Under 42 U.S.C. § 2000e-5(f)(1), an employee seeking relief under Title VII must file a civil action within ninety days of the receipt of the notice of right to sue from the EEOC." *See Max P. Reid v. Sears Holding Mgmt. Co.*, No. 15-2070, 2015 WL 925535, at *4 (W.D. Tenn. Feb. 26, 2015) (citing *McGhee v. Disney Store*, 53 F. App'x 751 (2002), No. 02-5420, 2002 WL 31780928, at *1 (6th Cir. Dec. 11, 2002)). "The ninety-day requirement is a timing requirement similar to a statute of limitations and serves as a bar to the plaintiff's lawsuit when the complaint is not timely filed." *Reid*, 2015 WL 925535 at *4 (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646-47 (6t Cir. 1998)).

"A plaintiff must demonstrate to the court that the time limit for filing his lawsuit has not expired." *Reid*, 2015 WL 925535 at *4. If a plaintiff does not make this showing, a Title VII complaint should be dismissed pursuant to Rule 12(b)(6). *Truitt*, 148 F.3d at 647-49.

Here, the Right-to-Sue Letter reflects that it was mailed on October 31, 2019. Plaintiff's *pro se* Complaint alleges that he received it on this date. Although that may be erroneous, as it is unlikely that he received it on the date it was mailed, the Court must rely on Plaintiff's pleadings. Further, even if he actually received it shortly thereafter, his Complaint was not filed until 146 days later. Accordingly, it is RECOMMENDED that Plaintiff's Complaint was not timely filed.

### c. *Equitable Tolling*

Even if a complaint is untimely filed, the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling. *Irvin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990). There are five factors to consider when determining the appropriateness of equitable tolling: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and, (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt*, 148 F.3d at 648. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).

Here, Plaintiff does not assert lack of notice, lack of constructive notice, or ignorance of the filing requirement; on the contrary, he acknowledges that the deadline was explained in his Right-to-Sue Letter. Plaintiff also does not allege any steps he took to diligently pursue his rights. Instead, he simply states that he wanted to find a new attorney and, months later, that he realized

that he could file a complaint on his own. Although Defendants have not asserted any prejudice, Plaintiff's efforts to initiate this lawsuit within the time requirements are still insufficient. Courts have concluded that failing to timely file a complaint due solely to seeking to find counsel is insufficient to invoke the doctrine of equitable tolling. *See Gary D. Wilder v. Terry Collins*, No. 2:12-cv-0064, 2012 WL 786855, at *3 (S.D. Ohio Mar. 9, 2012) ("As to his efforts to retain counsel to file suit, the various factors which make up the equitable tolling doctrine do not recognize such efforts as a reason for the tolling of statute of limitations."). When a plaintiff simply "failed to assure that his pleading was filed on time," equitable tolling is not appropriate, *see Ronnie Burton v. Comm'r of Soc. Sec.*, No. 10-14040, 2011 WL 3862346, at *2 (E.D. Mich. Feb. 25, 2011), because the "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy," including for *pro se* litigants. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Accordingly, it is RECOMMENDED that the doctrine of equitable tolling does not apply here to extend the filing period.

### d. Timeliness of Defendants' Answer

Plaintiff's sole argument in opposition to Defendants' Motion to Dismiss is that they did not timely file an answer or dispositive motion in accordance with Rule 12(a). However, Plaintiff's failure to file a timely Complaint bars him pursuing relief in this Court. As such, it is RECOMMENDED that the timeliness of Defendants' responsive pleading is not relevant to the determination of the instant motion.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss pursuant to 42 U.S.C. § 2000e-5(f)(1) and Rule 12(b)(6) be GRANTED.

**SIGNED** this 22nd day of February, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**